UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANGEL ROMERO,

                              Plaintiff,

1829 REALTY ASSOCIATES, LLC, MOST
RELIABLE MANAGEMENT CORP.
and MICHAEL WEISSMAN,


                             Defendants.
-------------------------------------------------------------X

Civil Acton No.

**COMPLAINT**

**PLAINTIFF DEMANDS
TRIAL BY JURY**

      Plaintiff ANGEL ROMERO ("Romero"), by his attorneys, RAPAPORT LAW FIRM, PLLC, as and for his Complaint, alleges as follows:

## PRELIMINARY STATEMENT

      1.    This lawsuit seeks to recover minimum wages and overtime compensation, as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, et seq. ("NYLL"), and defendants' failure to pay spread overtime hours pay and failure to pay timely wages as required by the NYLL. This lawsuit also seeks declaratory, injunctive and equitable relief, as well as monetary damages, for discrimination on the basis of age in violation of the New York City Human Rights Law ("NYCHRL").

## JURISDICTION AND VENUE

      2.    This Court has subject matter jurisdiction over this action pursuant to the provisions of 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. § 1331), and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

      3.    Defendants 1829 REALTY ASSOCIATES, LLC ("1829 Realty") and MOST RELIABLE MANAGEMENT CORP. ("Most Reliable Mgmt.") are an enterprise with a

common business purpose and under common control whose annual volume of sales made or business done is not less than $500,000, the activities of which affect interstate commerce in that the employees of 1829 Realty and Most Reliable Mgmt., including but not limited to the Plaintiff, handle goods, including janitorial goods, that have moved in interstate commerce.

4. Janitorial/cleaning supplies handled and/or utilized by Plaintiff in the course of performing his job responsibilities have moved in interstate commerce.

5. Defendants 1829 Realty and Most Reliable Mgmt. operate and control a business enterprise for a common business purpose that includes, *inter alia*, management and control of multiple family dwellings in Brooklyn, NY, including apartment buildings located at 543 Ocean Avenue, 135 Amersfort Place, 667 Ocean Avenue, 715 East 32nd Street, 48 St. Paul Place, and 1829 Caton Avenue ("1829 Caton Ave"). Defendants 1829 Realty and Most Reliable Mgmt. operate these properties and business from their main office at 4313 18th Avenue, Brooklyn, New York.

6. Upon information and belief, defendant Michael Weissman ("Weissman") exercises ownership and/or control over 1829 Realty and Most Reliable Mgmt.

7. Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Eastern District and are otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiff within the State of New York and within this judicial district. Defendants do business within the Eastern District of New York, maintaining places of business set forth in paragraph 5 hereinabove.

8. At all relevant times, Defendants were "covered employer[s]" and/or an "employer[s]" under all relevant statutes, including, *inter alia,* the NYCHRL, Fair Labor Standards Act, and NY Labor Law.

2

9. This Court has personal jurisdiction over the Defendants, pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Rule 4(h)(1), Fed.R.Civ.P.

10. A declaratory judgment is authorized in this case by 28 U.S.C. **§** 2201.

## THE PARTIES

*Plaintiff:*

11. Romero is an adult, natural person who resides in the County of Kings and, State of New York, and is 67 years of age.

12. Romero was born on June 16, 1949.

13. With respect to all causes of action, Romero was an employee of Defendants, as defined in all laws applicable to this Complaint, including the NYLL, FLSA, and NYCHRL.

14. At all relevant times, Romero was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203 (e), New York State Labor Law § 190(2) and NYCHRL.

*Defendants:*

15. Upon information and belief, at all times herein relevant, 1829 Realty is a privately held corporation organized under the laws of the State of New York with its principal place of business in the County of Kings, State of New York. At all relevant times, 1829 Realty was a covered employer within the meaning of the FLSA, NYLL, and NYCHRL.

16. Upon information and belief, at all times herein relevant, Most Reliable Mgmt. is a New York corporation doing business in the County of Kings, State of New York.

At all relevant times, Most Reliable Mgmt. was a covered employer within the meaning of the FLSA, NYLL, and NYCHRL.

17. Upon information and belief, 1829 Realty owns the building located at 1829 Caton Ave.

18. Upon information and belief, individual Weissman serves as the most senior corporate officer and/or managing member of 1829 Realty and Most Reliable Mgmt., and he exercises control over both entities.

19. Upon information and belief, at all relevant times Weissman exercised operational control of 1829 Realty and Most Reliable Mgmt., and he was responsible for the unlawful conduct complained of herein.

20. Weismann operates 1829 Realty and Most Reliable Mgmt. as a unified operation under common control for the accomplishment of a common business purpose, including control and operation of the buildings set forth in paragraph 5 hereinabove.

21. Defendants comprise a single enterprise engaged in commerce in that they have employees engaged in commerce and/or handling, selling or otherwise working on goods or materials that have moved in or produced for commerce by any person and their annual sales exceed $500,000.00.

22. Weissman exercised sufficient control over the corporate defendants, and with respect to Romero's employment, to be considered Romero's employer under the FLSA and NYLL and to be personally liable for discrimination of Romero in violation of NYCHRL.

23. Upon information and belief, Weissman is liable for wages of Romero under NY Business Corporation Law § 630 and NY Limited Liability Company Law § 609(c).

## **FACTS**

24. The minimum wage under New York State Law was $7.25 from July 24, 2009 to December 31, 2013; $8.00 from December 31, 2013 until December 31, 2014; $8.75 from

December 31, 2014 until December 31, 2015; and $9.00 an hour from December 31, 2015 to present.

25. From July 24, 2009 to present, the federal minimum wage has been $7.25 per hour.

26. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

27. Defendants have failed to compensate Romero for every hour he worked at the statutory minimum wage and, instead, only compensated Romero for a portion of the hours that he actually worked.

28. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and state law and regulations to Romero who worked in excess of forty (40) hours per week.

29. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

30. Defendants have also willfully and purposely disregarded and evaded the NYLL's requirement that employers furnish employees with wage statements on each payday containing the criteria required under the NYLL 195(3).

31. Defendants failed to pay Romero weekly, in violation of New York Labor Law § 191.

*Wage Claims*

32. Commencing in or about 2004 until on or about October 3, 2016, Romero was employed by Defendants as a porter. Romero performed maintenance, cleaning, repair, janitorial, boiler maintenance, appliance removal, renovations, snow removal, garbage

5

removal, and related work at 1829 Caton Ave., as well as other tasks as directed to him by the superintendent of 1829 Caton Ave.

33. At all relevant times hereinafter mentioned, under the FLSA, Romero was required to be paid overtime pay at the statutory rate of time and one-half (1 and 1/2) his regular pay after he worked forty (40) hours in a workweek.

34. Romero worked seven days per week, for a total of more than sixty-five (65) hours per week in most work-weeks.

35. Romero worked more than ten (10) hours on most weekdays during his employment, with no scheduled breaks.

36. During a typical weekday, Romero worked from 8:00 a.m. until approximately 6:00 p.m.

37. Residents of 1829 Caton Ave. regularly made requests of Romero after they returned from work in the evening. Romero's evenings were regularly occupied with communicating with tenants, planning repair work and performing repairs. These repairs encompassed, *inter alia*, fixing leaking toilets; unclogging shower drains; and resetting and replacing fuses.

38. In the winter, Romero shoveled snow at all hours of the day and checked and maintained the boiler seven days per week, which was in a decrepit condition requiring extensive oversight and maintenance.

39. Tenants of 1829 Caton Ave. would knock on the door of Romero's apartment to make requests for emergency repairs and other matters at all hours of the day and night. For example, tenants who misplaced their keys would rely on Romero to provide entry to their apartments, and Romero was constantly on-call for such emergent circumstances.

40. Romero would also clean, mop, make minor repairs, perform plumbing work, perform electrical work, accept oil deliveries, communicate with tenants, handle recycling,

collect and take out the garbage, clean and make repairs and renovations to newly-vacated apartments, remove appliances, provide building access, and countless other tasks.

41. Romero also shoveled snow, which was often required after his regular work hours and on weekends.

42. Defendants willfully disregarded and purposely evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate time sheets and payroll records. Defendants knew that Romero worked evenings and weekends.

43. During the time when he worked for Defendants, Romero's wage was $692.62 every two weeks, and he was never provided with any pay stubs showing deductions, hourly pay rates and/or other information.

44. The amount of Romero's pay fell well below state and federal minimum wage rates. Given Romero's average weekly work schedule of approximately sixty-five hours, Defendants' fixed biweekly pay to Romero resulted in an unlawful hourly pay rate of approximately $5.32 per hour.

45. Defendants failed to compensate Romero for time worked in excess of forty hours per week, despite the hours that Romero worked over forty hours per week and the Defendants' insistence that Romero perform work and be on-call seven days per week.

46. Solely by way of example, when there was a severe blizzard during the weekend of January 23 – 24, 2016, Romero was required to shovel snow in the front of 1829 Caton Ave, as well as in the rear courtyard, from early morning until late at night.

47. Also by way of example, on Saturdays and Sundays, Romero would spend four hours per day collecting garbage and sorting out materials for recycling.

*Discrimination: Unlawful Termination Based on Age*

48. On or about October 3, 2016, – after enduring more than a decade of long work hours with unlawfully low rates of pay and no overtime compensation – Romero was unlawfully terminated on the basis of his age.

49. Romero was born on June 16, 1949 (67 years of age).

50. During his employment, Romero always performed his duties satisfactorily, and with care and success.

51. Upon terminating Romero's employment, Defendants replaced Romero with an employee who was approximately thirty-four years of age.

52. Through their foregoing conduct, Defendants discriminated against Romero on the basis of his age in violation of the New York City Human Rights Law (New York City Administrative Code § 8-107 *et seq.*) in the form of a pervasively hostile work environment, refusal to provide reasonable accommodations and unlawful termination.

**FIRST CAUSE OF ACTION**
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201** *et seq.*

53. Romero repeats and realleges all paragraphs above as though fully set forth herein.

54. At all relevant times hereto, Romero was engaged in interstate "commerce" within the meaning of the FLSA.

55. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA. 29 U.S.C. § 203.

56. At all relevant times hereto, Defendants have employed "employees[s]," including Romero. Defendants have had the power to hire and fire Romero, control his terms

and conditions of employment and determine the rate and method of any compensation in exchange for his employment.

57. Defendants constitute an enterprise within the meaning of FLSA, 29 U.S.C. § 203(r).

58. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA, as detailed herein.

59. Throughout the statute of limitations period covered by these claims, Defendants failed to pay Romero the federal minimum wage for each hour worked, in violation of 29 U.S.C. §§ 255(a).

60. Romero seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Overtime Wage Violations under the FLSA**

61. Romero repeats and realleges all paragraphs above as though fully set forth herein.

62. Throughout the statute of limitations period covered by these claims, Romero regularly worked in excess of forty (40) hours per week.

63. Defendants have required Romero as part of his employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

64. At all relevant times hereto, Defendants have had and operated under a decision, policy, and plan of knowingly and willfully failing and refusing to pay Romero at one and a half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FSLA.

65. Romero seeks damages in the amount of his respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### Minimum Wage Violations under NYLL

66. Romero repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants knowingly and willfully paid Romero less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

68. Defendants failure to pay the minimum wage has been willful within the meaning of the NYLL § 663.

69. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Romero has sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages

70. Romero realleges and incorporates by reference all allegations in all preceding paragraphs.

71. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Romero.

72. Defendants willfully failed to pay Romero for all of the hours he worked in excess of 40 hours in a workweek.

73. Defendants willfully failed to pay Romero premium overtime at a rate of time and one-half their regular hourly rate for all hours worked in excess of 40 hours per workweek.

74. Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Romero.

75. As a result of Defendants' knowing or intentional failure to pay Romero overtime wages for hours worked in excess of 40 hours per workweek, Romero is entitled to compensation unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Timely Wages in Violation of the NYLL**

76. Romero repeats and realleges all paragraphs above as though fully set forth herein.

77. New York State labor law § 191(a)(i) requires that a manual laborer be paid "weekly and not later than seven days after the end of the week in which the wages are earned".

78. Defendants willfully and unlawfully paid Romero bi-weekly in violation of the NYLL and supporting Department of Labor Regulations.

79. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and

prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

80. Romero demands liquidated damages in an amount equal to any wages that were not paid within seven days after the date on which work was performed.

## SIXTH CAUSE OF ACTION
### Wage Statement Violations

81. Romero repeats and realleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

82. Defendants willfully failed to provide Romero with a written notice, in English and in Spanish (Romero's primary language), of his rate of pay, regular pay day, and such information as required by NYLL § 195(3).

83. Due to Defendants' violations of the NYLL, Romero is entitled to recover from Defendants one hundred dollars ($100) for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred ($2,500) dollars, as provided for by the NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
### (Violation of the New York City Human Rights Law, New York City Administrative Code § 8-107 *et seq.*)
### Discrimination on the Basis of Age

84. Romero repeats and realleges all the prior allegations of this Complaint with the same force and effect as it set forth at length herein.

85. The NYCHRL protects individuals from discrimination in employment based on an employer's perception that they are disabled.

86. The NYCHRL protects individuals from discrimination in employment based on age.

87. Defendants have discriminated against Romero by terminating his employment based on Romero's age in violation of the NYCHRL.

88. As direct and proximate results of the unlawful practices of the Defendants, Romero has suffered the indignity of discrimination, the invasion of his rights to be free from discrimination, emotional distress, and great humiliation.

89. As a direct and proximate result of the Defendants' unlawful and discriminatory conduct, Romero has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

90. Prior to filing this proceeding with the United State District Court, Eastern District of New York, a copy of this Complaint was served on the New York City Human Rights Commission in compliance with NYC Admin Code § 8-502(a).

## RELIEF SOUGHT

**WHEREFORE,** the Plaintiff, Angel Romero, respectfully requests that the Court grant the following relief:

(a) That the Court declare, adjudge and decree that Defendants violated the minimum wage and overtime provisions of the FLSA;

(b) That the Court declare, adjudge and decree that Defendants violated the minimum wage and overtime provisions of the NYLL;

(c) That the Court make an award to the Romero of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages.

(d) That the Defendants be held jointly and severally liable for compensatory damages (including extreme emotional distress) for Romero under the New York City Human Rights Law for discrimination in the form unlawful termination on the basis of age, plus back pay and front pay.

(e) For all other Orders, findings and determinations identified and sought in this Complaint;

(f) For prejudgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate;

(g) For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law, the NYCHRL, and as otherwise provided by law; and

(h) Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Romero demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York  **RAPAPORT LAW FIRM, PLLC**
February 6, 2017

By:  /S/
_____
Marc A. Rapaport, Esq.
Attorney for Plaintiff
Rapaport Law Firm, PLLC
One Penn Plaza, Suite 2430
New York, New York 10119
Phone: (212) 382-1600
mrapaport@rapaportlaw.com