# Rapaport Law Firm

Marc A. Rapaport*
Tel (212) 382-1600
Fax (212) 382-0920
mrapaport@rapaportlaw.com

*Member NY & NJ Bars

October 20, 2017

**VIA ECF**

Hon. Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    **Angel Romero v. 1829 Realty Associates, LLC et al.
                    Case No. 17-cv-00662 (CBA)(PK)**

Dear Judge Kuo:

      This firm represents Plaintiff Angel Romero ("Plaintiff") in the above-referenced matter. Plaintiff writes jointly with Defendants to request that the Court approve the settlement agreement (the "Agreement") reached by the parties herein as a fair and reasonable resolution of this matter, negotiated at arm's length between experienced counsel at a settlement conference before the Court. The Agreement is submitted simultaneously with this letter as Exhibit 1 hereto, and the parties respectfully request that the Court approve the Agreement. Plaintiff's counsel further requests that the Court approve our firm's attorneys' fees and costs.

      **I.     Introduction.**

As Plaintiff's action arises, in part, under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Agreement must be approved by this Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199 (2d Cir. 2015). In evaluating whether a proposed settlement is fair and reasonable, "a court should consider the totality of circumstances including, but not limited to, the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the produce of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-336, (S.D.N.Y. 2012) (citations and quotation marks omitted).

The Agreement reflects a desire by the parties to fully and finally settle Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, as well as Plaintiff's claim for age discrimination in violation of the New York City Human Rights Law ("NYCHRL"). As discussed below, the Agreement allows Plaintiff to avoid the time, uncertainty, costs and stress that he would undergo if this case proceeded to discovery and motion practice. The early stage of this litigation is one factor that induced Plaintiff to reach a compromise that is below the amount of damages that he initially contemplated.

## II. Plaintiff's Claims for Unpaid Wages.

Plaintiff filed his complaint on February 2, 2017, asserting causes of action pursuant to the FLSA and New York Labor Law. Because the Parties reached a settlement through a court-supervised settlement conference and submitted detailed mediation statements to the Court, we assume the Court's familiarity with the parties' respective positions and the facts and law that each party believes is relevant to their respective positions in this litigation. We summarize below the facts and circumstances of this case and the reasons why all Parties believe that the Agreement is a fair and reasonable resolution of this case.

Plaintiff alleges that the Defendants employed him as a porter at 1829 Caton Avenue, Brooklyn, New York, from 2004 until October 3, 2016. Plaintiff contends that during the relevant six (6) year period beginning in February 2011, he typically worked 65 hours per week, and that he was not paid for time worked in excess of forty hours per week. Plaintiff's counsel calculated that if Plaintiff succeeded in proving that he worked all of the foregoing hours and nonpayment of any wages for overtime hours, he could have recovered approximately $96,000 for unpaid overtime and minimum wages. Plaintiff also alleges that he is entitled to additional statutory damages for his wage notice and wage statement claims under the NYLL. Plaintiff asserts that he was not told to keep track of his hours, and that in the absence of a system for reporting his hours of work each day, his credible testimony regarding the number of hours worked would support his claims.

Defendants maintain that Plaintiff has overstated his overtime hours, and Defendants assert that this is confirmed by weekly time reports. Defendants further assert that Plaintiff was paid for overtime that he actually worked.

## III. The Agreement is Fair and Reasonable.

The parties represent to the Court that the settlement between the parties is a fair and reasonable resolution of a *bona fide* dispute reached as a result of extensive negotiations, including a settlement conference with the Court. As reflected in the attached Agreement, the parties have agreed to settle the case, as well as Plaintiff's NYCHRL age discrimination claim, for a total of

$19,000.00 (the "Settlement Amount"), to be paid in three monthly installments, beginning ten days after the Court approves the terms of the Agreement.

As set forth below, because of the early stage at which a settlement was reached, our firm is seeking a contingent fee of 26.5% ($5,036.00) of the net proceeds of settlement, rather than the 33.3 % provided by our retainer agreement with Plaintiff. Our firm's costs/disbursements totaled $404.00.

Although the Settlement Amount is substantially less than the amount that Plaintiff hoped for, we believe that the Settlement Amount is fair and reasonable in light of the uncertainties associated with establishing Plaintiffs' precise amount of overtime hours, and the records that Defendants produced. *See Beckert v. Rubinov*, 15 Civ. 1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015)(finding that the "amount [plaintiff] would receive under the Agreement ($29,557.97) is a substantial proportion of the maximum possible recovery he identifies ($114,700)."

Here, the parties were able to reach an agreement at an early stage of proceedings, shortly after the filing of the complaint, and before incurring the costs of depositions, motion practice and trial. *See Burgos v. San Miguel Transp., Inc.*, 2016 U.S. Dist. LEXIS 166248, *6, 2016 WL 7015760 (S.D.N.Y. Dec. 1, 2016)(citing the early stage of the case as one of the factors supporting the fairness of a settlement that was substantially below the amount that plaintiff initially contemplated). Furthermore, here, as in *Burgos*, there is no assurance that Plaintiff could be awarded liquidated damages under FLSA or NYLL if this matter were to proceed to trial.

As noted above, the Agreement also resolves Plaintiff's NYCHRL claim. Defendants allege that Plaintiff's discharge from his job was unrelated to his age. While it is indeed possible that discovery would establish otherwise, that process could be lengthy and uncertain.

   IV.   **Application for Attorneys' Fees.**

Under both the FLSA and NYLL, Plaintiff is entitled to recover attorneys' fees and costs. Attorneys' fees in FLSA settlements are examined to ensure that the interests of plaintiff's counsel in his or her own compensation did not have an adverse impact on the extent of relief counsel obtained for the client. *See Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012). In *Gaspar v. Personal Touch Moving, Inc.*, 13 Civ. 8187 (AJN), 2105 WL 7871036 at 2, the Court noted that "[f]ee awards representing one third of the total recovery are common in this District."

Plaintiff's counsel represents Plaintiff on a contingent basis, pursuant to a retainer agreement which providing for attorneys' fees of one-third of the net recovery. A copy of our firm's retainer agreement with Plaintiff is attached hereto as Exhibit 2. Our firm's time spent on this

3

matter and the expenses that we reasonably incurred are set forth in the accurate, detailed and contemporaneous records attached hereto as Exhibit 3. The amount of legal fees requested is significantly less than both the contingency percentage provided for in our retainer agreement, and also less than our lodestar amount, as shown by the attached billing records. (Ex. 3).

The attorneys and staff at Rapaport Law Firm who were involved in this case, and whose time is reflected in the attached billing records, are:

1. **Marc Rapaport.**

    I am the managing member of Rapaport Law Firm, which began as my solo practice in 1995. I have more than twenty years of experience litigating employment matters on behalf of employees in New York. I received a J.D. from Georgetown University Law Center in 1992. Thereafter, I worked as a Staff Attorney for the United States Department of Justice in Washington, D.C. I represent employees in a broad range of discrimination and wage/hour matters. I am an active member of the National Employment Lawyers Association and the National Employment Lawyers Association New York. I believe that my clients also benefit from my broader experience beyond the field of employment law, including my experience litigating commercial disputes in state and federal courts. For more than 20 years, I have endeavored to represent immigrant and low wage workers who often find it difficult to obtain skilled legal representation.

2. **Ana Alcantara.**

    Ms. Alcantara has been a paralegal at Rapaport Law Firm since November 2016. Ms. Alcantara graduated from SUNY Plattsburgh with a B.S. Since joining our firm, Ms. Alcantara has prepared damage calculations in FLSA and NYLL matters. Ms. Alcantara has served as a point of contact for Mr. Romero, and she prepared damage calculations/charts in this case.

We respectfully request that the Court approve the Agreement, as well as the amount of legal fees requested herein. Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to discuss them. The parties thank the Court for its attention to this matter.

Respectfully yours,

Marc A. Rapaport

Encs. (Exhibs 1 – 3)