UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
ANGEL ROMERO,

              Plaintiff,                            17-cv-00662 (CPA)(PK)

  -against-

                                                            **SETTLEMENT AGREEMENT**
1829 REALTY ASSOCIATES, LLC,                 **AND RELEASE**
MOST RELIABLE MANAGEMENT
CORP. and MICHAEL WEISSMAN,

              Defendants.
------------------------------------------------------X

      This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff ANGEL ROMERO ("Plaintiff"), on the one hand, and 1829 REALTY ASSOCIATES, LLC, MOST RELIABLE MANAGEMENT CORP., and MICHAEL WEISSMAN (collectively, the "Defendants"), on the other hand.

      WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

      WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York (the "Court"), Civil Action No.: 1:17-cv-00662 (hereinafter "the Litigation"), by Plaintiff, alleging, among other things, violations by Defendants of federal (FLSA) and state (NYLL) wage and hour laws and age discrimination in violation of the New York City Administrative Code; and

      WHEREAS, the parties desire to resolve all disputes arising out of or attributable to the claims alleged in the Litigation, including claims relating to employment compensation and age discrimination; and

      WHEREAS, Plaintiff and Defendants understand and agree that Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Litigation, or otherwise relating to the Litigation; and

      WHEREAS, Plaintiff and Defendants understand and agree that neither the making of this Settlement Agreement and Release (hereinafter the "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state, municipal, or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of other wrongdoing; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. **Payment.**

(a) Defendants agree to pay the total sum of Nineteen Thousand Dollars ($19,000.00) ("Settlement Amount"), inclusive of (a) Thirteen Thousand Five Hundred Sixty Dollars ($13,560.00) to the Plaintiff ("Plaintiff Amount") and (b) Five Thousand Four Hundred Forty ($5,440.00) to Plaintiff's attorneys (Attorneys' Fees and Costs Amount"), in full settlement and final satisfaction of any and all claims that Plaintiff asserted in the Litigation against Defendants

(b) The Parties agree that the Settlement Amount shall be delivered to Rapaport Law Firm, PLLC, One Penn Plaza, Suite 2430, New York, NY 10119, and shall be paid in three installments as follows:

   i. Within ten days of the date this Agreement is approved by the Court, Defendants shall cause to be delivered two checks to Plaintiff's counsel, as follows: a check in the amount of Five Thousand One Hundred Eighty-Seven Dollars ($5,187.00) made payable to Angel Romero, without set off, withholdings or deductions, representing 36% of the Plaintiff Amount; and a check in the amount of One Thousand Eight Hundred Thirteen Dollars ($1,813.00) made payable to Rapaport Law Firm, PLLC, representing 33% of the Attorneys' Fees and Costs Amount.

   ii. Within forty days of the date this Agreement is approved by the Court, Defendants shall cause to be delivered two checks to Plaintiff's counsel, as follows: a check in the amount of Four Thousand One Hundred Eighty-Six Dollars and Fifty Cents ($4,186.50), made payable to Angel Romero, without setoff, withholdings or deductions as partial payment of the Plaintiff Amount; and a check in the amount of One Thousand Eight Hundred Fourteen Dollars ($1,814.00) made payable to Rapaport Law Firm, PLLC, representing 33% of the Attorneys' Fees and Costs Amount.

   ii. Within seventy days of the date this Agreement is approved by the Court, Defendants shall cause to be delivered two checks to Plaintiff's counsel, as follows: a payment in the gross amount of Four Thousand One Hundred Eighty Six Dollars and Fifty Cents ($4,185.50, made payable to Angel Romero, as W-2 earnings, with applicable taxes deducted (but otherwise without any setoff); and a check in the amount of One Thousand Eight Hundred Fourteen Dollars ($1,814.00) made payable to Rapaport Law Firm, PLLC, representing 33% of the Attorneys' Fees and Costs Amount.

(c) In the event that Defendants fail to remit any of the foregoing settlement payments within the time periods set forth in subparagraph 1(b)(i) – (iii) above: (i) Plaintiff may issue a notice of default to Defendants' counsel via email to aschlesinger@pecklaw.com and; and (ii) if Defendants fail to deliver the full settlement amount so that it is received, in hand, at Rapaport Law Firm, PLLC within ten days after issuance of the notice of default, Plaintiff shall be entitled to enter judgment in the sum of $19,000 against the Defendants, less any payments made

pursuant to this Agreement, plus liquidated damages in the sum of $2,000.00, with interest to commence as of the that date at a rate of 9% per annum on the amount remaining to be paid under this Agreement, for which Defendants shall be jointly and severally responsible. The Court shall retain jurisdiction for the purposes of enforcing this Agreement, including the issuance of the foregoing judgment in the event of a default in payment by the Defendants. Furthermore, in the event that Defendants do not deliver the full Settlement Amount within ten (10) days after the issuance of a notice of default, Plaintiff shall also have the right to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in court the payment obligations under this Agreement.

2.   **Plaintiff's Commitments.**

(a)   Plaintiff shall submit all documents reasonably necessary to obtain dismissal of this action with prejudice as against the Defendants; however, the Court shall retain jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter judgment in the event of the Defendants' failure to comply with Defendants' payment obligations set forth in paragraph 1 of this Agreement.

(b)   Plaintiff and Defendants agree to execute any and all documents necessary to effectuate the terms of this Agreement.

(c)   Provided that this Agreement is approved by the Court, except to enforce the terms of this Agreement or as otherwise provided herein, Plaintiff shall not institute, be represented in, participate in or cause to be submitted or filed on Plaintiff's behalf any claim related to wages, employment compensation, discrimination and/or wrongful termination from employment, whether in an individual, class or other action, before any administrative agency, court, or other forum; and,

3.   **Releases by the Plaintiff and Defendants.**

(a)   Provided that this Agreement is approved by the Court, in consideration of the payments, benefits, agreements and other consideration to be provided by Defendants in the Agreement, Plaintiff, for himself and his heirs, executors, administrators, and their respective successors and assigns, hereby releases and forever discharges Defendants, any insurers of Defendants, and Defendants' respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from any known claims, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, controversies, and expenses (including attorneys' fees and costs) at law or in equity ("claims") arising out of or attributable to Plaintiff's employment compensation and the termination of Plaintiff's employment, from the beginning of time until the date of the execution of this Agreement, including all claims alleged in the Litigation; unpaid minimum wage or overtime pay or other violation of the Fair Labor Standards Act, 29 U.S.C. section 201 *et seq.*; unpaid minimum wage and overtime pay, or other claims under the New York Labor Law or Part 146 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum

Wage Act (Article 19 of the New York State Labor Law); claims for discriminatory and/or wrongful discharge from employment under the New York City Human Rights Law; and all claims under the Age Discrimination in Employment Act, 29 U.S.C. Section 621, et. seq., all as amended.

(b) Provided that this Agreement is approved the Court, Plaintiff understands and agrees that he may not reinstate the claims that he has brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, except in an action instituted by either party alleging a breach of this Agreement.

(c) Provided that this Agreement is approved by the Court, Defendants release and discharge of Plaintiff from all compulsory counter claims, whether actually asserted or not, related to the Litigation.

(d) The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or their taxes, interest or penalties.

4. **Status of Settlement if Court Does Not Approve this Agreement.**

In the event that the Court does not approve this Agreement, as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date immediately prior the execution date of this Agreement, and the parties shall proceed in all respects as though the Agreement had not been executed.

5. **No Other Entitlement.**

Plaintiff affirms that he has been paid and has received all compensation, wages, overtime, bonuses, commissions, benefits and other monies to which he was entitled under the FLSA and NYLL and that no other compensation, wages, overtime, bonuses, commissions, benefits or other monies are due with regard to Plaintiff's claims under the FLSA and NYLL, except the payments expressly set forth in this Agreement.

6. **No Admission of Wrongdoing.**

Plaintiff and Defendants agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendants. Similarly, this Agreement shall not be considered an admission by Plaintiff that his claims lacked merit.

7. **Dismissal of the Litigation.**

Plaintiff shall file, within seven (7) days of receipt of the executed Agreement and payment in accordance with paragraph 1, a stipulation of Dismissal with Prejudice (in the form

of Exhibit A, attached hereto, which is incorporated in this Agreement by reference) with the Court in this action. The United States District Court for the Eastern District of New York shall retain jurisdiction to enforce this Agreement.

8. **Modification of Agreement.**

This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants and approved by the Court.

9. **Counterparts.**

This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement. A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

10. **Legal Fees.**

Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

11. **Governing Law and Interpretation.**

This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breaches any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. Provided that this Agreement is approved by the Court pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), if any provision of this Agreement is thereafter declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the Court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable.

12. **No Further Claims.**

Plaintiff and Defendants acknowledge that they are not aware of any further claims, damages, or losses against each other relating to Plaintiff's employment with the Defendants.

13. **Entire Agreement.**

This Agreement sets forth the entire agreement between the parties relating to the claims asserted by Plaintiff in the Litigation between the Parties.

14. **Notices.**

   To Plaintiffs:

   Marc A. Rapaport, Esq.
   Rapaport Law Firm, PLLC
   One Penn Plaza, Suite 2430
   New York, NY 10119
   Email: mrapaport@rapaportlaw.com

   To Defendants:

   Aaron C. Schlesinger, Esq.
   Peckar & Abramson, P.C.
   41 Madison Avenue, 20th Floor
   New York, New York 10010

   Email: aschlesinger@pecklaw.com

15. **Acknowledgment.**

   Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

   IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

   Dated: _____, 2017

   By: _____
         ANGEL ROMERO


   Dated: OCT 19, 2017

   By: _____
   MICHAEL WEISSMAN, Individually and on behalf of 1829 Realty Associates, LLC, and Most Reliable Management Corp.

# Exhibit A

14. **Notices.**

   To Plaintiffs:

   Marc A. Rapaport, Esq.
   Rapaport Law Firm, PLLC
   One Penn Plaza, Suite 2430
   New York, NY 10119
   Email: mrapaport@rapaportlaw.com

   To Defendants:

   Aaron C. Schlesinger, Esq.
   Peckar & Abramson, P.C.
   41 Madison Avenue, 20th Floor
   New York, New York 10010

   Email: aschlesinger@pecklaw.com

15. **Acknowledgment.**

   Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _10-20_____, 2017

By: _____[signature]_____
      ANGEL ROMERO


Dated: _____, 2017


By: _____
   MICHAEL WEISSMAN, Individually and on
   behalf of 1829 Realty Associates, LLC, and Most
   Reliable Management Corp.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ANGEL ROMERO,

           Plaintiffs,

-against-

1819 REALTY ASSOCIATES, LLC, MOST
RELIABLE MANAGEMENT CORP. and
MICHAEL WEISSMAN.

           Defendants.
----------------------------------------------------------------X

Docket No.:
17-cv-00662 (CPA) (PK)

**STIPULATION OF DISMISSAL**

     **IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein be dismissed with prejudice, with each party to bear their own fees and costs except as provided for in the parties settlement agreement, provided, however, that the United States District Court for the Eastern District of New York shall retain continuing jurisdiction to enforce and interpret the parties' settlement agreement; and

     **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts with scanned PDF or facsimile signatures treated as originals.

**[INTENTIONALLY LEFT BLANK]**

| | |
|---|---|
| Dated: _____, 2017 | Dated _____, 2017 |
| Peckar & Abramson, P.C.<br>*Attorneys for Defendants* | The Rapaport Law Firm<br>*Attorneys for Plaintiffs* |
| _____<br>By: Aaron C Schlesinger, Esq.<br>41 Madison Avenue, 20th Floor<br>New York, New York 10010<br>(201) 343-3434 | _____<br>By: Marc Rapaport, Esq.<br>One Penn Plaza, Suite 2430<br>New York, New York<br>(212) 382-1600 |
| Dated: _____, 2017 | Dated _____, 2017 |

SO-ORDERED

_____
Hon. Peggy Kuo, U.S.M.J.